FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNTELLE A.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | No. 1:19-CV-03221-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney D. James Tree represents Shawntelle A. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Social Security Disability Insurance and

ORDER GRANTING PLAINTIFF'S MOTION - 1

Supplemental Security Income on April 8, 2016 and April 6, 2016, respectively. Tr. 97-98. She alleged disability since April 6, 2013[1], Tr. 255, 262, due to posttraumatic stress disorder (PTSD), diabetes, multiple sclerosis (MS), depression, muscle pain, cognitive issues, muscle spasms, incontinence, insomnia, anxiety, and vision problems. Tr. 299. The applications were denied initially and upon reconsideration. Tr. 165-71, 176-89. Administrative Law Judge (ALJ) Wayne N. Araki held a hearing on May 16, 2018, Tr. 34-73, and issued an unfavorable decision on September 6, 2018, Tr. 157-28. The Appeals Council denied the request for review on July 23, 2019. Tr. 1-5. The ALJ's September 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 18, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was 23 years old at her alleged date of onset. Tr. 255. Plaintiff completed three years of college. Tr. 300. Her reported work history includes the positions of childcare provider, cashier, library aid, and nursing aid. Tr. 282, 301. At application, she reported she was working as a childcare provider earning $200.00 a month. Tr. 301.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed

---

[1] The ALJ decision states April 6, 2015, Tr. 17, but both applications state April 6, 2013, Tr. 255, 262. Upon remand, the ALJ will clearly identify Plaintiff's alleged onset date.

ORDER GRANTING PLAINTIFF'S MOTION - 2

1 only if it is not supported by substantial evidence or if it is based on legal error.
2 *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is
3 defined as being more than a mere scintilla, but less than a preponderance. *Id*. at
4 1098. Put another way, substantial evidence is such relevant evidence as a
5 reasonable mind might accept as adequate to support a conclusion. *Richardson v.*
6 *Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one
7 rational interpretation, the Court may not substitute its judgment for that of the
8 ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*,
9 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the
10 administrative findings, or if conflicting evidence supports a finding of either
11 disability or non-disability, the ALJ's determination is conclusive. *Sprague v.*
12 *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision
13 supported by substantial evidence will be set aside if the proper legal standards
14 were not applied in weighing the evidence and making the decision. *Brawner v.*
15 *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

17 The Commissioner has established a five-step sequential evaluation process
18 for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a),
19 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through
20 four, the burden of proof rests upon the claimant to establish a prima facie case of
21 entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is
22 met once a claimant establishes that a physical or mental impairment prevents the
23 claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4),
24 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds
25 to step five, and the burden shifts to the Commissioner to show (1) the claimant
26 can make an adjustment to other work; and (2) the claimant can perform specific
27 jobs that exist in the national economy. *Batson v. Commissioner of Social Sec.*
28 *Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment

to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### ADMINISTRATIVE DECISION

On September 6, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-28.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 6, 2015. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: affective disorder/depression; anxiety disorder; personality disorder; multiple sclerosis; and visual disturbances. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity and found she could perform sedentary work with the following limitations:

> This individual can lift and carry 10 lbs. occasionally and less than 10 lbs. frequently, can stand and/or walk at 15-minute intervals for 2 hours per day, and can sit at 2-hour intervals for 6-8 hours per day. She can do no climbing of ladders, ropes or scaffolds. She can occasionally climb stairs and ramps, and can occasionally balance, stoop, kneel, crouch and crawl. She can have occasional exposure to extreme heat or to extreme cold. She can do no working at exposed heights and no operating heavy equipment, and otherwise can have occasional exposure to hazards. She is able [to] carry out instructions for tasks and complete tasks generally required by occupations with an SVP of 1-2; i.e. tasks which can be learned by simple demonstration only or within 30 days or less. She can have occasional superficial interaction with the general public. She can do assigned tasks that should be able to be completed without the assistance of others, but occasional assistance would be tolerated. She is able to adjust to work setting changes generally associated with occupations with an SVP of 1-2.

Tr. 21.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 26.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of document preparer, bench hand, and table worker. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from April 6, 2015 through the date of the decision. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) improperly evaluating the medical opinions; (2) improperly rejecting her symptom testimony; and (3) failing to meet his burden at step five.

## DISCUSSION

**1. Medical opinion evidence**

Plaintiff contends the ALJ erred by improperly evaluating the medical opinions. Specifically, she asserts the ALJ erred in rejecting the opinions of treating physician Nathan Lilya, D.O. and treating provider Patty Jordan, B.A. ECF No. 13 at 11-15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining

physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" supported by substantial evidence to reject the opinion. *Lester*, 81 F.3d at 830. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

A.  **Nathan Lilya, D.O.**

On July 27, 2015, Dr. Lilya completed a "Documentation Request for Medical or Disability Condition" form for the Washington State Department of Social and Health Services. Tr. 1022-24. He stated that Plaintiff's relapsing-remitting MS limited Plaintiff's ability to work, look for work, or prepare for work. Tr. 1022. He stated that that "[d]ue to nature of disease, [Plaintiff's] condition waves. At times will be fully functional, but attacks can leave her with blurred vision, moderate-severe pain, weakness/fatigue." *Id*. He then limited her to 21-30 hours of work activities per week. *Id*. He stated Plaintiff's condition was permanent. Tr. 1023.

The ALJ gave "Dr. Lilya's opinions of permanent multiple sclerosis and limited work capacity" some weight. Tr. 25. The ALJ stated that "[i]t does not appear that Dr. Lilya was aware of the claimant's many physically demanding activities, such as caring for 4 children regularly, her sister-in-law's child, and a neighbor's child before." *Id*.

A claimant's testimony about her daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1990). However, here the ALJ's conclusion that Dr. Lilya was not aware of Plaintiff's activities is not supported by substantial evidence. On June 1, 2015, Dr. Lilya listed Plaintiff's current work status as "Full-time parent, Part-time; Cashier Circle K." Tr. 858. On July 20, 2015, Dr. Lilya described Plaintiff's household as including her spouse, her step-daughter, her daughter, and her two sons. Tr. 851. Again, her work status was described as "Full-time parent, Part-time; Cashier Circle K." Tr. 851. Therefore, Dr. Lilya was aware that Plaintiff was a full-time parent to four children. Furthermore, Plaintiff's work for DSHS in 2015 only yielded $172.80 in March of 2015 and $172.80 in November of 2015. Tr. 282. Therefore, her work activity babysitting was not extensive in 2015. Dr. Lilya was even aware of Plaintiff's part-time work as a cashier at Circle K.

Defendant counters Plaintiff's argument that Dr. Lilya was aware of Plaintiff's activities by asserting that Plaintiff is splitting hairs and that "the point of the ALJ's conclusion was that Plaintiff's activities conflicted with Dr. Lilya's opinion – if he had been aware of the extent of Plaintiff's activities and the ways in which they contradicted his assessment, then he presumably would have changed his opinion accordingly." ECF No. 14 at 5. However, the ALJ clearly stated that "[i]t does not appear that Dr. Lilya was aware of the claimant's many physically demanding activities, such as caring for 4 children regularly, her sister-in-law's child, and a neighbor's child before." Tr. 25. The record reflects that Dr. Lilya was aware of the extent of these activities. Therefore, the ALJ's determination is not supported by substantial evidence. The decision of the ALJ must be supported by substantial evidence or it can be reversed. *Tackett* 180 F.3d at 1097. Therefore, the case is remanded for the ALJ to properly address Dr. Lilya's opinion.

    **B.**    **Patty Jordan, B.A.**

On August 27, 2015, Ms. Jordan, a Care Coordinator/Therapist Intern,

ORDER GRANTING PLAINTIFF'S MOTION - 7

completed a "Documentation Request for Medical or Disability Condition" form for DSHS. Tr. 1028-30. She stated that Plaintiff was diagnosed with PTSD and relapse remitting MS, and that these conditions limited Plaintiff's ability to work, look for work, or prepare for work. Tr. 1028. She stated that "Shawntelle reports 'Flair ups' with MS symptoms. Difficult for her to lift more than 10 lbs or stand on her feet for long periods of time. PTSD symptoms make it difficult to concentrate, speech tangential." *Id*. She opined that Plaintiff would be limited to one to ten hours a week of work participation. *Id*. Ms. Jordan was asked if Plaintiff had any limitations with lifting and carrying, and she replied that Plaintiff was limited to sedentary work defined as "[a]ble to lift 10 pounds maximum and frequently lift or carry such articles as files and small tools. A sedentary job may require sitting, walking and standing for brief periods." Tr. 1029. The ALJ gave Ms. Jordan's opinion "limited weight," stating "[t]his opinion, which support contained in the same report or the longitudinal record, is accorded limited weight. It is not clear if Ms. Jordan is a treating therapist." Tr. 25.

      As a Care Coordinator/Therapist Intern Ms. Jordan does not qualify as an acceptable medical source. 20 C.F.R. §§ 404.1502, 416.902. Instead, she qualifies as an other source. *Id*. However, testimony from an other source is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

      The ALJ's reasons for assigning the opinion limited weight did not meet the germane standard. First, the ALJ stated that the opinion "support contained in the same report or in the longitudinal record." Tr. 25. Defendant argues that the ALJ meant to state that opinion "lacks support contained. . ." and the ALJ simply omitted the work "lacks." ECF No. 14 at 6. However, even if this was the case, the ALJ failed to properly discuss the opinion. The Ninth Circuit has found that

ORDER GRANTING PLAINTIFF'S MOTION - 8

inconsistency with the medical evidence is a germane reason to discount lay witness testimony, but the ALJ's conclusion must be supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, ~~at~~ 1218 (9th Cir. 2005). While the ALJ indicates here that he gave "limited weight" to the opinion, the ALJ does not identify which portions of the statement that are rejected or adopted. Likewise, he fails to provide a single citation to the record demonstrating a lack of support. Without such information, the Court is unable to find substantial evidence supports the rejection of Ms. Jordan's statements.

The ALJ's second reason for rejecting the opinion, that there was no evidence that Ms. Jordan was a treating therapist, is not supported by substantial evidence. Ms. Jordan treated Plaintiff repeatedly from July 31, 2015 through January 20, 2016. Tr. 908-44. This included five treatment sessions before the August 27, 2015 opinion. Tr. 940-44. Therefore, the ALJ failed to provide germane reasons for rejecting Ms. Jordan's opinion. Upon remand, the ALJ will readdress this opinion.

2. **Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 13 at 15-18.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence,

ORDER GRANTING PLAINTIFF'S MOTION - 9

and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22.  The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence.  See 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**3.    Step Five**

Plaintiff challenges the ALJ's step five determination in two ways: (1) one of the three jobs the ALJ provided does not match the DOT number in the decision; and (2) the jobs the ALJ identified have numbers in the national economy drastically different than what the vocational expert testified.  ECF No. 13 at 18-20.  Because the ALJ has been instructed to address the medical opinions and Plaintiff's symptom statements on remand, he will be required to make a new residual functional capacity determination and call a vocational expert to provide new testimony before making a new step five determination.

## REMEDY

Plaintiff asks the Court to remand this case for an immediate award of benefits.  ECF Nos. 13 at 20.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Under the credit-as-true rule the Court remands for an award of benefits when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Remand is

1  appropriate where there are outstanding issues that must be resolved before a
2  determination can be made, and it is not clear from the record that the ALJ would
3  be required to find a claimant disabled if all the evidence were properly evaluated.
4  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*,
5  211 F.3d 1172, 1179-80 (9th Cir. 2000).

6       This case is remanded for additional proceedings because it is not clear from
7  the record that the ALJ would be required to find Plaintiff disabled if all the
8  evidence were properly evaluated.  The ALJ will reevaluate the opinion evidence,
9  address Plaintiff's symptom statements, and make a new step five determination.
10 Additionally, the ALJ will supplement the record with any outstanding medical
11 evidence pertaining to the period in question and take testimony from a vocational
12 expert.

13                                **CONCLUSION**

14      Accordingly, **IT IS ORDERED:**

15      1.    Defendant's Motion for Summary Judgment, **ECF No. 14**, is
16 **DENIED**.

17      2.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is
18 **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings
19 consistent with this order.

20      3.    Application for attorney fees may be filed by separate motion.

21      The District Court Executive is directed to file this Order and provide a copy
22 to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff**
23 and the file shall be **CLOSED**.

24      DATED August 28, 2020.



                         _____
                           JOHN T. RODGERS
                     UNITED STATES MAGISTRATE JUDGE